CHRISTOPHER MEYER, Respondent, v. FRANCIS S. LATHROP, as Assignee in Bankruptcy of JAMES A. WILLIAMSON, Impleaded, etc., Appellant.

*Principal and surety — relation between grantor, and grantee assuming payment of mortgage — extension of time of payment.*

Although when a grantee of property assumes the payment of a mortgage then existing thereon, he becomes, in equity, as between himself and the grantor, the principal debtor, and the grantor is regarded as a surety; yet, the rights of the mortgagee are not affected thereby, and, as to him, the mortgagor still continues to be the principal debtor, and the liability of the latter to him is not affected by an extension of the time of payment of the mortgage given to the grantee.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*William G. Wilson*, for the appellant Lathrop.

*W. H. Williams*, for the respondent.

DYKMAN, J.:

This action is brought to foreclose four mortgages of $3,000 each, made by the defendant Fickelt to one Herbert, and assigned first to Beckwith and then to the plaintiff. The premises covered by the mortgages were conveyed by Fickelt to James A. Williamson, who assumed the payment of the mortgages on the 19th day of June, 1874, when Williamson was the owner of the premises and the plaintiff was the holder of the mortgages. Williamson made his twelve several promissory notes for upwards of $1,000 each, payable to his own order one every month, and indorsed by him in blank, and delivered them to the plaintiff, who accepted them and at the same time signed and delivered to Williamson the following instrument:

"NEW YORK, *June* 19, 1874.

"Received from James A. Williamson his twelve promissory notes as per memorandum above, being in full for principal and interest of four bonds and mortgages made by H. E. Fickelt on four houses and lots on Myrtle avenue, Brooklyn, which bonds and mortgages I hereby agree to assign to such parties as he may designate when called for.

"C. MEYER."

The first three of these twelve notes were paid, and the plaintiff offered to surrender the remaining nine on the trial. Before the commencement of this action Williamson was adjudged a bankrupt, and the defendant Lathrop was appointed his assignee in bankruptcy.

This action is defended on the ground that the acceptance of the promissory notes and the giving of this instrument by the plaintiff was a payment of the mortgage, and Fickelt sets up the defense that he was released, by the extension of the time of payment of this mortgage by the plaintiff without his assent. Neither of these defenses are valid. There is no proof nor pretense that there was any agreement to accept the promissory notes in payment of the mortgages, and if any thing is settled in our law it is that the acceptance of the promissory note of the debtor does not extinguish the original demand for which it is taken. (*Waydell* v. *Luer*, 5 Hill, 448; *Hill* v. *Beebe*, 13 N. Y., 562.) This principle of law is therefore entirely fatal to this defense, so far as Williamson is concerned.

So far as the defense set up by Fickelt goes, it comes to this: The effect of the acceptance of the promissory notes by the plaintiff was to extend the time for paying the mortgages. In equity as between themselves, Williamson became the principal debtor when he assumed the payment of the mortgages, and Fickelt occupied the position of surety in relation thereto. Now it is claimed that the extension of the time for Williamson by the plaintiff, without the consent of Fickelt, operated as his discharge, and this claim is founded upon the general principle of law, that if time is given to the principal the surety is discharged. This principle is founded upon, or rather results from the equitable right of the surety to be subrogated to the rights of the principal at any time. This is all well enough as a general proposition, and without deviating now to speak of its limitations, it is sufficient to say here that it has no application to this case, for the reason that Fickelt is not a surety upon these bonds and mortgages, but is the original maker, and is only considered as such in equity for the purpose of working out certain equitable results; as between Williamson and himself it is equitable that the mortgages should be paid out of the land and by the owner, who should be treated as the debtor, primarily liable to pay the debt. This equitable rule does not, however, interfere with

any of the legal rights of the plaintiff; as to him Fickelt is still liable upon his bond and mortgage as principal debtor, and an action can be maintained against him by the plaintiff as such. This shows that Fickelt cannot, in this case, invoke the rule of law mentioned to shield him from liability to the plaintiff in this action.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred. GILBERT, J., not sitting.

Judgment affirmed, with costs.